# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-2631

———————

| | |
|---|---|
| Ron Thomas, Terry Ligas, George Ackerson, Steve Boyd, Steve Foster, Kurt Hudson, William Johnson, Bobby Hawworth, Vern Zietlow, <br><br> Appellants, <br><br> v. <br><br> Union Pacific Railroad Company, <br><br> Appellee. | * <br> * <br> * <br> * <br> * <br> *   Appeal from the United States <br> *   District Court for the <br> *   Southern District of Iowa. <br> * <br> * <br> * <br> * <br> * <br> * |

———————

Submitted: February 12, 2002

Filed: October 21, 2002

———————

Before BOWMAN, RICHARD S. ARNOLD, and WOLLMAN, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

Appellants, former employees of appellee Union Pacific Railroad Co. (Union Pacific), appeal from the district court's[1] grant of summary judgment to Union Pacific on their discriminatory refusal to rehire claim. We affirm.

---

[1]The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

# I.

Appellants worked as carmen for Union Pacific in Des Moines, Iowa. During the summer and early fall of 1996 they complained to their union about safety inspection violations committed by Union Pacific. The union reported these violations to the Federal Railway Administration, which investigated the allegations. In October 1996, Union Pacific announced that carmen positions were being reduced in Des Moines and transferred to Melrose Park, Illinois.

In accordance with collective bargaining agreements, Union Pacific offered appellants three options. First, they could relocate to Illinois. If they chose this option, they would be provided a relocation allowance and would be guaranteed their salary for six years. Second, appellants could accept furlough status. If they selected this option, they would retain their seniority and would be guaranteed placement according to seniority if new positions opened up in Des Moines. Third, appellants could accept buyouts. If they took the buyout option, they would be paid one year's salary and in return would give up their seniority and employee status with Union Pacific. Between December 1996 and March 1997, all appellants elected to accept the buyout option.

In October of 1997, appellants learned that Union Pacific was seeking applicants for carmen in Des Moines, the exact positions they had vacated. Appellants attempted to apply for the positions and were rebuffed. Union Pacific officials stated that because appellants had accepted the buyout, Union Pacific policy prohibited their rehire.

On February 3, 1999, appellants sued Union Pacific in Iowa state court, claiming that they were discriminated against in the rehire process because they had been whistleblowers. Union Pacific removed the case to the United States District Court for the Southern District of Iowa on the basis of diversity jurisdiction. After

discovery, Union Pacific moved for summary judgment, arguing 1) that appellants' claim was preempted by the Railway Labor Act, 45 U.S.C. § 151 et seq. (the Act), thereby depriving the court of jurisdiction; 2) that Iowa would not recognize a public policy exception to the at-will employment doctrine in these circumstances; 3) that Union Pacific did not violate a federal whistleblower protection statute, 49 U.S.C. § 20109; and 4) that appellants' claim was barred because the separation agreement they signed included a release of any claims that arose out of their employment. The district court rejected Union Pacific's jurisdictional argument, but granted the motion on the basis of the public policy ground.

## II.

We must first determine whether the Act preempts appellants' claim. To be preempted by the Act, a claim must be inextricably intertwined with consideration of a collective bargaining agreement. Gore v. Trans World Airlines, 210 F.3d 944, 949 (8th Cir. 2000) (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)). Mere reference to a collective bargaining agreement is not sufficient to result in preemption. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 261 n.8 (1994). Claims that revolve around the conduct or motive of the parties generally are not preempted because they do not require interpretation of the collective bargaining agreement. Id. at 261-62. Although the collective bargaining agreement would undoubtedly be referred to during the prosecution of this case, appellants' claim does not involve an interpretation of the agreement, and thus it is not preempted.

## III.

We review a district court's grant of summary judgment de novo. Henerey v. City of St. Charles, 200 F.3d 1128, 1131 (8th Cir. 1999). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is

entitled to judgment as a matter of law.  Id.  We may affirm the district court on any basis supported by the record.  Burlington N. R.R. Co. v. Farmers Union Oil Co., 207 F.3d 526, 533 (8th Cir. 2000).

The district court rejected appellants' assertion that Iowa courts would recognize a cause of action for refusal to rehire whistleblowers in violation of public policy.  "If state law is unsettled, it is our duty to apply the rule we believe the [Iowa] Supreme Court would follow."  Novak v. Navistar Int'l Transp. Corp., 46 F.3d 844, 847 (8th Cir. 1995) (citations omitted).  We find it unnecessary to hypothesize as to what the Iowa Supreme Court would do in this case, however, because we can resolve this suit on the basis of the releases signed by appellants.

When the appellants chose the buyout option, the separation agreements they signed included releases that read in part:  "I release and forever discharge the Company from any and all claims, causes of action and liabilities of any kind or nature arising out of my employment at, or termination of employment from, the Company."  To determine whether appellants' claim arose from their employment, we must examine the elements of the asserted cause of action under Iowa law.

Iowa adheres to the employment-at-will doctrine. Fitzgerald v. Salsbury Chem. Inc., 613 N.W.2d 275, 280 (Iowa 2000).  Subject to contract, statutory limitations, and two common law exceptions, Iowa employers may discharge employees for any reason or no reason at all.  Id. at 281.  Iowa has only recently recognized a cause of action for termination in violation of public policy.  Id.  The elements of the cause of action are:  1) the employee must have been engaged in protected conduct; 2) the employer must have taken adverse employment action; and 3) a causal relationship must exist between the conduct and the employment action.  Teachout v. Forest City Cmty. Sch. Dist., 584 N.W.2d 296, 299 (Iowa 1998); see also Fitzgerald, 613 N.W.2d at 281.

We assume, arguendo, that the Iowa courts would recognize whistleblowing as protected conduct and that they would view a refusal to rehire in the same light as termination. According to appellants' theory of the case, the asserted adverse employment action – Union Pacific's refusal to rehire – did not occur during their employment or in the termination of their employment, and thus the release does not bar their claim. The language of the release, however, covers any claim or cause of action that arose out of their employment. The adverse employment action is only one element of the cause of action. In order for each appellant to prevail, he will also have to prove that he engaged in the protected conduct of whistleblowing, which, if established, occurred during his employment with Union Pacific and thus gave rise to a claim arising out of his employment with Union Pacific.

There remains the question whether the presumed public policy protecting whistleblowing also would preclude employees from contracting away their protections in a release such as the one appellants signed. In Lara v. Thomas, 512 N.W.2d 777 (Iowa 1994), the Iowa Supreme Court identified public policy in a statute that prohibited several acts related to unemployment compensation benefits. Id. at 782 (citing Iowa Code § 96.15(1)). One prohibition was a bar on the waiver or release of claims to unemployment benefits. We have found no such compelling statement of policy as relates to whistleblowing. None of the statutes cited by appellants as a source of public policy contains a prohibition on releases or waivers of claims. See 49 U.S.C. § 20109; Iowa Code §§ 70A.28-.29, 730.2. Furthermore, the Lara court commented that to allow employers to "intimidate 'employees into foregoing the benefits to which they are entitled in order to keep their jobs'" would have a chilling effect on the unemployment benefits scheme. Lara, 512 N.W.2d at 782 (quoting Smith v. Smithway Motor Xpress, Inc., 464 N.W.2d 682, 686 (Iowa 1990)). Appellants' interests here were well protected by their union, which negotiated the separation agreements. It should have been clear to appellants that by signing the release they were foregoing any claims that arose from their whistleblowing activity. Thus, their claim is barred.

-5-

The order is affirmed.[2]

RICHARD S. ARNOLD, Circuit Judge, dissenting.

I cannot agree that releases signed by appellants between December 1996 and March 1997 bar the claims at issue in the present case, which arise out of events that did not occur until October of 1997.[3]

It is of course possible, as a matter of contract law, for someone to give up a right that he does not presently possess, or even a right that he does presently possess, but of which he is not aware. A release could be written that is sufficiently explicit to bar a claim arising in the future. The language of the release involved in this case, however, is not at all explicit in this regard. It releases claims "arising out of my employment at, or termination of employment from, the Company." The particular claims that plaintiffs seek to assert here do not "arise out of" their previous employment or termination of employment. The fact that they were previously employed, to be sure, would no doubt come into evidence, but the gist of the claims is that plaintiffs were not considered for re-hire on account of their conduct, during their previous employment, calling the attention of federal authorities to violations of federal law. The release does not refer to claims "now existing or hereafter arising," language that one would expect if the result reached today by this Court had been intended by the parties. It refers instead to claims "arising out of . . . employment . . . or termination of employment . . .." The most natural reading of this wording, in my opinion, would limit the release to claims based on events occurring during or at the end of the previous employment, for example, a claim that plaintiffs had been somehow unlawfully treated during their employment. Plaintiffs' whistle-blowing claim has no necessary connection with the fact that they were previously

---

[2]Appellee's motion to strike appellants' supplemental brief is granted.

[3]This issue was not discussed by the District Court.

-6-

employed. The complaints that plaintiffs had made to federal authorities were made during the time of their employment, but no wrong was done to them at that time. The fact that they were employees when they made the complaints is merely incidental. The gist of the present cause of action is the failure to rehire, which does not arise out of their previous employment, or out of the termination of that employment, but arises instead out of their whistle-blowing activity, when combined with the Railroad's later alleged retaliation.

For these reasons, I respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.